# In the United States Court of Federal Claims

No. 21-1735C
Filed: August 24, 2021
NOT FOR PUBLICATION

**RAYNOLDO LEON BANKS, JR.,**

      *Plaintiff,*

v.

**UNITED STATES,**

      *Defendant*.

## OPINION AND ORDER

**HERTLING, Judge**

    The plaintiff, Raynoldo Leon Banks, Jr., acting *pro se*, filed this action against several pharmaceutical manufacturing and research companies, a pharmaceutical distributor, and a number of John Doe defendants. He claims that he has suffered serious physical and psychological harm from the administration of the antipsychotic medications Risperdal (risperidone) and Invega (pallperidone), among several other "atypical antipsychotic[]" drugs to which the complaint refers in passing. The plaintiff claims the defendants are liable for monetary damages.

    In a motion accompanying his complaint, the plaintiff seeks leave to proceed *in forma pauperis*. His motion is appropriately supported, and the information the plaintiff has submitted demonstrates that he meets the standard to procced in this manner. Accordingly, the motion for leave to proceed *in forma pauperis* is **GRANTED**.

    Before proceeding to consider the merits of the plaintiff's claims, the Court must first determine whether it has jurisdiction to hear the case. Jurisdiction is a threshold matter that the court must resolve before it address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The Court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

    The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate

that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, the Court does not become an advocate for that litigant. Rather, the Court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The Supreme Court has held that the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"); *United States v. Jones*, 131 U.S. 1, 9 (1889).

The complaint here names as and seeks damages from defendants other than the United States. The complaint neither asserts a claim against the United States nor mentions the United States. Because the plaintiff has failed to allege a claim against the United States, the Court of Federal Claims may not exercise jurisdiction over the complaint, which must be dismissed.

The only aspect of the complaint that may conceivably be construed to allege an act by the United States is the plaintiff's allegation as to the purpose for which Risperdal and Invega were approved for use. (Compl. at 12.) Unstated is that the approval for the use of these drugs had to come from the Food and Drug Administration ("FDA"), pursuant to the authority conferred by the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*.

One looks in vain for any provision of the FDCA that could be construed as mandating the payment of monetary damages by the United States for an alleged violation of law by the FDA for an allegedly improvident approval of a drug. Any claim for relief under the FDCA would, if viable at all, have to seek relief aside from money damages and be brought in the district court under the Administrative Procedure Act. There is no jurisdiction in the Court of Federal Claims to consider such a claim, even if it had been made explicitly in the complaint. As noted, however, the complaint contains no allegation against the United States or the FDA. This jurisdictional flaw is noted to construe the complaint liberally to identify any possible claims.

Beyond the plaintiff's failure to sue the United States, the complaint states a claim only for alleged torts. Insofar as the complaint can be construed to state a claim, it appears the plaintiff alleges that Risperdal and Invega have various side effects that cause injury. The plaintiff alleges that he has suffered from several of the adverse effects he attributes to Risperdal and Invega. (Compl. at 6.) The plaintiff sues Janssen Pharmaceuticals, Inc. a/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Orthomcneil Pharmaceutical Products, Inc.; Janssen L.P. f/k/a Janssen Pharmaceutica[] Products L.P.; Johnson & Johnson; Janssen Research & Development, LLC f/k/a Johnson & Johnson Pharmaceutical Research & Development, L.L.C.; McKesson Corp.; and John Does 1-50. (Compl. at 1.) His claims appear to be premised on a failure-to-warn theory, often used in pharmaceutical products liability claims.

While the complaint references contracts and contract damages (Compl. at 8, 15-16), it contains no allegations regarding the existence of any contract, including a contract between the plaintiff and an agency of the United States, the breach of which could sustain jurisdiction in the Court of Federal Claims.

Because the plaintiff's claims against the non-government defendants are based on alleged torts, even if the complaint had named the United States as a defendant, claims of this nature are beyond the jurisdiction of the Court of Federal Claims under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1) (vesting jurisdiction in the Court of Federal Claims for specific types of claims "not sounding in tort").

The plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. For the reasons ascribed, the complaint falls outside the jurisdiction of the Court of Federal Claims. Accordingly, the complaint is **DISMISSED** without prejudice under Rule 12(b)(1) and Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Court finds that transfer to another court is not in the interest of justice. *See* 28 U.S.C. §1631. The Court further certifies that any appeal from this decision would not be taken in good faith. *See* 28 U.S.C. § 1915 (a)(3).

The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**